UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:17-cv-24206-MARTINEZ-OTAZO-REYES

LARA GEORGE MANSOUR a/k/a LARA
SAMAHA, Married name;

        Plaintiff,

v.

MONA BACH MANSOUR, individually;
ALEXANDER GEORGE MANSOUR,
individually; ROLLY GEORGE
MANSOUR, individually; DANY GEORGE
MACARON, individually; FADI WADIH
LAYOUN, individually; RABIH JAMIL
NOUREDDINE, individually;
MOHAMMED ALI BARBAR, individually;
ALI AHMAD BOU HAMDAN,
individually; MARLENE WADIH
LAYOUN, individually; AMIRA AHMAD
MARABOUNI, individually; SALIM
JREISSATI, individually; ZIAD
MEKANNA, individually; SAMIR
HAMMOUD, individually; ZIAD ABO
HAIDAR, individually; and PASCAL
ANTOUN, individually,

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. 60

Plaintiff, Lara George Mansour a/k/a Lara Samaha ("Mansour"), by and through the undersigned counsel, hereby files this Motion for Relief from a Judgment or Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure, and in support thereof, states as follows:

## STATEMENT OF FACTS

1. On October 17, 2018, Plaintiff filed her Amended Complaint raising various claims against the Defendants, including claims for fraudulent misrepresentation, fraud, forgery, conspiracy, conversion, and constructive trust. *See* Pl.'s Am. Compl. The thrust of Mansour's claims against Defendants are that the Defendants are all equal participants in a well-orchestrated conspiracy that was planned and executed with the intent to financially harm Mansour by robbing her of her interests in both her father, George Mansour's, and aunt, Evelyn Mansour's estate. *See* Pl.'s Am. Compl. at 5.

2. In specific, Mansour alleges that around October 2014, family members of Mansour took advantage of her and the fact that she was residing in the United States by taking millions of dollars directly from the Lebanese and United States bank accounts of her father and aunt through fabricated and forged powers of attorney. *See* Pl.'s Am. Compl. at 4. Mansour further alleges that such family members accomplished this scheme to defraud through the assistance of several Lebanese officials. *See* Pl.'s Am. Compl. at 4-5.

3. According to the Amended Complaint, before filing this lawsuit, Mansour made repeated attempts and pleas to her family members to return the stolen assets. *See* Pl.'s Am. Compl. at 5-6. When her requests went unanswered, Mansour made reports to the Lebanese authorities. *See* Pl.'s Am. Compl. at 6.

4. Charges for theft and related charges were initially filed in Lebanon against several of the individuals involved. *See* Pl.'s Am. Compl. at 6. However, the corruption, bribery, and manipulation by members of the Lebanese legal system have prevented Mansour from recovering any portion of her interest in her father's estate. *See* Pl.'s Am. Compl. at 6.

5. Based upon continuous roadblocks and a lack of action on the part of Lebanese officials, Mansour was forced to engage the undersigned counsel and file this lawsuit in the hopes of finally being able to obtain relief from this scheme to defraud and recover her interest. *See* Pl.'s Am. Compl. at 8.

6. In the instant lawsuit, Mansour brings claims against various family members and Lebanese officials believed to be involved in the scheme to defraud Mansour, such as: Defendant Dany George Macaron (a local Lebanese attorney working with the mother, brother, and sister), Defendant Salim Jreissati (Lebanon Former Minister of Justice), Defendant Ziad Mekanna (Lebanon Presiding Judge), Defendant Samir Hammoud (Lebanon Former Prosecutor), Defendant Ziad Abi Haidar (Lebanon Prosecutor). *See* Pl.'s Am. Compl. All of the Defendants are believed to have been involved in illegally and unlawfully conspiring and assisting in absconding the currency and land of Mansour's aunt and father for purposes of intentionally and willfully depriving Mansour of her interests in the same. *See* Pl.'s Am. Compl.

7. On March 25, 2019, a Clerk's Default was entered against Defendants: Rolly George Mansour, Mona Bach Mansour, Marlene Wadih Layoun, Fadi Wadih Layoun, Dany George Macaron, and Alexander George Mansour.

8. Shortly thereafter, on April 2, 2019, Mansour traveled to Lebanon after being lured into the country by some of the Defendants with promises that the disputes over her father and aunt's estate would be settled. But upon arriving at Beirut International Airport, Mansour was immediately arrested and informed of a warrant out for her arrest. Mansour was transferred to a detention center in Beirut and informed that her charges related to her filing of this federal lawsuit and clerk's default. Mansour was tortured and kept in a small steel cage with no light or windows and no food or drink.

9. On April 3, 2019, Mansour was transferred to the Information division of the Internal Security Forces Directorate ("ISF"), Lebanon's national police, where she was interrogated the entire day about the federal lawsuit and clerks defaults. It was there that she was informed the arrest warrant was issued by Lebanese prosecutor, Zaher Hemede. After the interrogation, Mansour was transferred to an underground cell located in the ISF.

10. That same day, Mansour's husband, Elie Samaha ("Mr. Samaha") visited the new Minister of Justice, Albert Serhan ("Minister Serhan") to request the release of Mansour. Minister Serhan demanded that the federal lawsuit and entry of the clerk's default be dismissed immediately in order to release Mansour. According to Minister Serhan, Mansour would serve as an example to anyone who dares seek justice in the courts of the United States. It was obvious to Mr. Samaha that Minister Serhan was involved in the kidnapping and hostage taking of Mansour and that Defendant, Ziad Abi Haidar, was also involved. Shortly thereafter, Mr. Samaha was also arrested and transferred to an underground cell. This occurred despite the fact that Elie is not connected to the case in anyway and has not filed or participated in the federal lawsuit against any of the defendants. Mr. Samaha's arrest was purely to place pressure upon Lara to dismiss the Federal Lawsuit and clerks defaults against some of the defendants.

11. Demands to drop this lawsuit with prejudice in exchange for the release of Mansour and Mr. Samaha and to avoid a three (3) year jail sentence with hard labor were made by Lebanese officials through their lawyers in Lebanon (Defendant Dany Macaron and Non-Party Majid Bouez).

12. On April 4, 2019, having no other option, Mansour was forced to file a Notice of Voluntary Dismissal with Prejudice [ECF 81] dismissing all claims against all of the Defendants.

13. The following day on April 5, 2019, this Court entered a Final Order of Dismissal with Prejudice [ECF 82] dismissing the action with prejudice, denying as moot all pending motions, and closing the case.

14. As set forth below in more detail, this Honorable Court should relieve Mansour from the Final Order of Dismissal pursuant to Rule 60 of the Federal Rules of Civil Procedure and vacate the order because Mansour has demonstrated both the existence of fraud, misrepresentation, or misconduct by an opposing party under Rule 60(b)(3), as well as extraordinary circumstances under Rule 60(b)(6).

## ARGUMENT

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court has the inherent authority to provide relief from an order of dismissal. Fed. R. Civ. P. 60(b). Rule 60 provides, in relevant part, that:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> …
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Thus, Rule 60(b) provides relief from an order of the Court for "fraud…misrepresentation, or misconduct by an opposing party" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The facts in this case require relief from the Final Order of Dismissal because Mansour is able to demonstrate two grounds for vacating the order: (1) fraud, misrepresentation, or misconduct by an opposing party under Rule 60(b)(3) and (2) extraordinary circumstances under Rule 60(b)(6). See Fed. R. Civ. P. 60(b).

### a. **Monsour has demonstrated fraud, misrepresentation, or misconduct by an opposing party under Fed. R. Civ. P. 60(b)(3).**

First, this Court should vacate the Final Order of Dismissal because Mansour has demonstrated fraud, misrepresentation, or misconduct by an opposing party under Rule 60(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b).

"[A] court can always set aside a decision that was obtained from it by fraud." *Cord v. Smith*, 370 F.2d 418, 423 (9th Cir. 1966) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 239 (1944)). Rule 60(b) provides relief from an order of the Court due to "fraud…misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). This rule is "liberally construed" and "aimed at 'judgments which are unfairly obtained.'" *In re Jack Kline Co.*, 440 B.R. 712, 718 (Bankr. S.D. Tex. 2010).

Rule 60(b)(3) requires a moving party to "show that the adverse party committed *a deliberate act that adversely impacted the fairness* of the relevant legal proceeding in question." *Hughes v. Gallion*, No. 2:15-CV-30-JRG-MCLC, 2018 U.S. Dist. LEXIS 51256, at *1 (E.D. Tenn. Mar. 28, 2018) (emphasis added). Fraud under Rule 60(b)(3) includes situations in which:

> by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case…[t]raditional examples of extrinsic fraud include keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or, where an attorney fraudulently pretends to represent a party, and connives at his defeat or, being regularly employed, corruptly sells out his client's interest. It includes also *instances in which a judgment is obtained by coercion or duress.*

*Chevron Corp. v. Donziger*, 886 F. Supp. 2d 235, 238 (S.D.N.Y. 2012) (emphasis added). "[D]uress is 'any wrongful threat of one person by words or other conduct that induces another to enter a transaction under the influence of such fear as precludes him from exercising free will and judgment.'" *Evenson v. Sprint/United Mgmt. Co.*, Civil Action No. 3:08-CV-0759-D, 2011 U.S. Dist. LEXIS 94167, at *17 (N.D. Tex. Aug. 23, 2011).

Here, the Final Order of Dismissal was unfairly obtained by coercion and duress. This constitutes fraud under the meaning of Rule 60(b)(3). *See* Fed. R. Civ. P. 60(b)(3). The kidnapping and hostage taking of Mansour and Mr. Samaha by Lebanese officials (some of whom are Defendants in the instant lawsuit) was a deliberate act done by the Defendants that adversely impacted the fairness of this lawsuit because, as a result of Defendants' fraud, the Final Order of Dismissal was entered, depriving Mansour of the right to have this case decided on its merits.

The coercive demands made by the Defendants to Mansour and Mr. Samaha to dismiss the instant lawsuit with prejudice to avoid three (3) years jail with hard labor and in exchange for their release forced Mansour to file a Notice of Voluntary Dismissal under the influence of fear and under circumstances that prevented her from exercising her own free will and judgment. It cannot be seriously disputed that Mansour was coerced into taking such action under these circumstances constituting extreme duress and torture.

For over a week, Lebanese officials kept Mansour and Mr. Samaha in underground cells with no windows or light and, sometimes, with no food or drink. What's worse, Prosecutor Peter Germanos, made several attempts to relocate Mansour and Mr. Samaha from their respective cells at the ISF to an undisclosed location in order to physically and mentally torture and humiliate them and to prevent them from returning to the United States for fear of filing another Federal Lawsuit. Thankfully, the ISF with the assistance if the United States Embassy in Beirut, Consular Affairs rejected such requests due to a fear for their lives.

Defendants simply should not be permitted to profit from their own malfeasance. After Mansour filed the Notice of Voluntary Dismissal, Mansour and Mr. Samaha were presented to judge, Farid Ajib, who subjected Mr. Samaha to personal attacks and accusations that he was an "American gangster." Judge Ajib also ridiculed both the United States and the United States

judicial system and the State of Florida and asked Mansour whether she had "learned her lesson" to never file a federal lawsuit in the United States ever again.

As a result of the hearing, Judge Ajib with the collaboration of Defendant's and Lebanese Attoreny Majid Bouez did not dismiss the charges against Mansour and Mr. Samaha. Instead, Judge Ajib kept the charges pending to ensure that Mansour and Mr. Samaha would not attempt to file federal lawsuits against the Defendants again in the future and threatened Lara with a judgment of three (3) years in prison would be entered against them and their assets in Lebanon would be confiscated through Court Judgments and their lives will be in danger if any Federal Lawsuits were ever filed again.

Under the facts of this case, Rule 60(b)(3) must be applied to vacate the Final Order of Dismissal that was unfairly obtained. Vacating the Final Order of Dismissal is the only way to ensure fairness and that this case is decided on its merits. Thus, this Court should vacate the Final Order of Dismissal pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

b. **Monsour has demonstrated extraordinary circumstances under Fed. R. Civ. P. 60(b)(6).**

Second, this Court should vacate the Final Order of Dismissal because Mansour has demonstrated extraordinary circumstances under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b)(6).

Rule 60(b) provides relief from an order of the Court for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "It is well settled that relief under clause (6) may be granted in unusual and exceptional cases only." *In re Ireco Indus., Inc.*, 2 B.R. 76, 84 (Bankr. D. Or. 1979). "[W]hen a case is properly within clause (6) the court has broad legal discretion to grant or deny relief in light of all the relevant circumstances." *Id.* However, "Rule 60(b)(6) should be liberally applied to accomplish justice." *Id.*

Here, Mansour's and Samaha's kidnapping and hostage taking by Lebanese officials is an unusual and exceptional circumstance that attempted rob Mansour of her right to her day in court. It is only through vacating the Final Order of Dismissal pursuant to Rule 60(b)(6) that justice may be accomplished in this case through deciding this case on its merits. Thus, under the facts of this case, this Court should vacate the Final Order of Dismissal pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, the Plaintiff, Lara George Mansour a/k/a Lara Samaha ("Monsour"), respectfully requests that this Honorable Court grant the instant Motion and enter an order vacating this Court's Final Order of Dismissal with Prejudice entered on April 5, 2019, and allow the case to proceed on its merits, and for any other relief this Court deems is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

DANIELS, RODRIGUEZ, BERKELEY,
DANIELS & CRUZ, P.A.
*Attorneys for Plaintiff*
4000 Ponce De Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Telephone No.: (305) 448-7988

By: ___/s/ Lorne E. Berkeley, Esq.___
Lorne E. Berkeley, Esq.
Florida Bar No.: 146099
LBerkeley@drbdc-law.com