# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

### CASE NO.:  17-24206-CIV-MARTINEZ-OTAZO-REYES

LARA GEORGE MANSOUR, a/k/a
LARA SAMAHA,

     *Plaintiff,*

     *v.*

MONA BACH MANSOUR;
ALEXANDER GEORGE MANSOUR;
ROLLY GEORGE MANSOUR; DANY
GEORGE MACARON; SALIM
JRESSATI; SAMIR HAMMOUD; ZIAD
MEKANA; ZIAD ABOU HAIDAR; and
PASCAL ANTOUN,

     *Defendants.*

---

## AFFIDAVIT OF LARA MANSOUR

### ( Married Name:  SAMAHA )

**STATE OF FLORIDA**     )
                      :ss
**COUNTY OF MIAMI-DADE**     )

     BEFORE ME, the undersigned appeared, LARA MANSOUR (Married Name:  SAMAHA), who being duly sworn did depose and say:

     1.     My name is LARA MANSOUR (Married Name:  SAMAHA).

     2.     I am over the age of eighteen and I am a legal resident of the United States of America.



EXHIBIT
1

3.      The statements contained herein are true and correct to the best of my knowledge and belief.

4.      I have read the allegations contained within the Rule 60 Motion filed on my behalf by and through my attorney, Lorne E. Berkeley.  [DE 83]

5.      The allegations contained therein are true and correct to the best of my knowledge and belief.

6.      Specifically, I initiated legal proceedings in the United States of America, Southern District of Florida, against all Defendants based upon the unlawful and improper taking of money and property from me.

7.      After service of the lawsuit on February 12, 2019, my husband and I were both contacted by Majed Bouez[1] and lured to return to Lebanon. It was represented to us by Majed that my case in Lebanon was going to move forward, arrest warrants in Lebanon were going to be issued for the family's defendants and this would most likely lead to a favorable  resolution of my case in Lebanon.

8.      Upon our return to Lebanon on April 2nd, 2019, I was immediately taken into custody at the Airport in Beirut, Lebanon.

9.      I was initially detained by the Surety General. During my detention there, I was placed in a dark cage with no lights, air conditioning, and no food or water. When I would ask the guard questions about why I was being held hostage, he would come and scream at me and take a knife and run the blade of the knife across the steel cage. I could not breathe and was in

---

[1] Majed Bouez is my Lebanese attorney.  However, he was directed to us by Lebanese government officials.  My husband and I believe he was working more for the Lebanese government then us.  We have since discharged him as our attorney.

total panic, shock, and disbelief. The next day, April 3, 3019, I was transferred to Internal Security Forces, (ISF), Lebanon's National Police, where I was interrogated about the United States federal Lawsuit.

10.     On April 3rd, 2019, my husband visited Minister of Justice, Albert Serhan to request my release.  Minister Serhan demanded the Federal lawsuit be dismissed immediately and the Clerk's Defaults entered against all family member Defendants in the United States lawsuit be immediately set aside.

11.     On April 4, 2019,  after my husbands meeting with Minister Serhan, my husband, Elie was taken into custody by the ISF and interrogated about the United States Federal Lawsuit. After being interrogated my husband was also held in an underground cell with no food, water, air conditioning, or light along with me.

12.     My husband and I were held hostage at the ISF until we met the demands of the Lebanese officials, including the defendants.

13.     I was told that if the United States Federal Lawsuit and Lebanese lawsuits were not dismissed by me, with prejudice, that both my husband and I would face a minimum of three (3) year jail sentence with hard labor.

14.     As a result of these threats and my being held hostage, along with my husband, the Federal lawsuit in the United States of America was in fact dismissed along with all ongoing Lebanese Lawsuits.   This dismissal was against my will.   I was not released until April 11, 2019.

15.     This dismissal was done solely on the fact that both my husband and I were held hostage and we were told we would not be released until the federal lawsuit and Lebanese lawsuits were dismissed.

16.     During the time I was held hostage I was told that I would not be released unless I dismissed the Federal Court lawsuit filed in the United States of America, Southern District of Florida, under Case No.:  17-24206-CIV-MARTINEZ-OTAZO-REYES along with the defaults that had been already entered by the Court and all ongoing Lebanese lawsuits were dismissed.

17.     Defendants have filed their response to my rule 60 motion and have attached affidavits of several of the defendants.  The defendant's response contains many incorrect statements and allegations.  For example I have not concocted claims in Lebanon and the investigation of my claims were never completed [DE94, Page 1]. The dismissal of my  claims both in the United States and Lebanon was not the result of a negotiated Settlement and Voluntary dismissal [DE 94, Page 5 Section E] [2].  I was coerced in to doing so while we were both being held hostage.

18.     The affidavit of Ziad Mekanna is false.  While my  inheritance claims in Lebanon were before Mekanna for approximately two (2) years, a full investigation did not take place.  At the end of the alleged investigation, Mekenna forwarded the file to Mount Lebanon General Prosecutor Ghada Aoun who forwarded it to prosecutor Nazek Al Khatib for final judgment.

19.     The prosecutor Nazek Al Khatib who after her own review ordered the arrest of all of my family members involved in the wrongful taking of my money and property and the pursuit of most of the charges as alleged by me. I personally saw this information and the judgment issued on 03/16/2018.

---

[2] There are several other misrepresentations in the response [DE94].  However I am focusing on the evidence the Lebanese official defendants would like for your honor to consider, the Declarations of the Defendants.

20.     However, Mekenna did not follow the prosecutor's directives and dismissed the case on his own.  This prompted the prosecutor Al Khatib to appeal on 03/23/2018 accusing Mekenna of not properly overseeing the case, and not taking into consideration; Medical reports, discrepancies of defendants testimony, the confession of defendant to forgery and the refusal of defendants to supply any company bank or accounting statements. I personally saw this information and the appeal judgment issued on 03/23/2018.

21.     The affidavit of Samir Hammoud is also false.  Samir Hammoud played a direct role in ensuring my cases in Lebanon were dismissed and the investigation of the alleged sales of lands was not completed. I was directly informed by Judge Bou Samra that both Samir Hammoud and Salim Jreissati gave direct orders to dismiss my cases retaining to the alleged sales of lands in Lebanon and for the investigation and prosecution to not go forward.

22.     The affidavit of Salim Jreissati is false.  He was the Minister of Justice at the time of these events complained of taking place in Lebanon.  He is now currently the Minister of Presidential Affairs. Jreissati oversees all of the justices (judges) and prosecutors.  He can fire them and provide orders for them to take or not take certain actions in legal proceedings.   My husband personally spoke to Jreissati over the phone requesting for him to stop all the corruption in my cases.  He promised to assign Judge Tanios Saghbini to correct the issues complained of by me.  However, no changes ever took place.

23.     The affidavit of Ziad Abou Haidar is false. Haidar was actively involved in negotiating the dismissal of the United States Federal Lawsuit with Lebanese attorney Majed Bouez.  My husband and I would not be released from being held hostage unless the dismissal of the United States Federal Lawsuit, which included Abou Haidar was dismissed with prejudice.

CASE NO.:  17-24206-CIV-MARTINEZ-OTAZO-REYES
Page 6 of 6

Abou Haidar also pressed charges against me and wanted to arrest me in 2017 despite Lebanese law prohibiting such charges while the lawsuit was still pending in Lebanon.

24.     In sum, the response filed by the defendants and the accompanying declarations misrepresents the facts and circumstances of my cases in Lebanon and my husband and I being held hostage.

FURTHER AFFIANT SAIETH NAUGHT.

_____
Lara Mansour (Married Name:  Samaha)


The foregoing instrument was acknowledged before me this _24th_ day of July, 2019, by Lara Mansour (Married Name:  Samaha), who is <u>personally known to me</u>, or has produced _____ as identification.

_____
Signature of Notary Public, State of Florida
My Commission Expires:



p:\edsiss\docs\2508\9369\11b2935.docx