**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| LARA GEORGE MANSOUR, a/k/a LARA SAMAHA,<br><br>        Plaintiff,<br><br>    v.<br><br>MONA BACH MANSOUR, individually; ALEXANDER GEORGE MANSOUR, individually; ROLLY GEORGE MANSOUR, individually; DANY GEORGE MACARON, individually; SALIM JRESSATI, individually; SAMIR HAMMOUD, individually; ZIAD MEKANNA, individually; ZIAD ABOU HAIDAR, individually; and PASCAL ANTOUN, individually;<br><br>        Defendants. | Case No.: 1:17-CV-24206-JEM |

**LEBANESE GOVERNMENT DEFENDANTS'**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendants former Minister of Justice of the Republic of Lebanon Salim Jressati, the Honorable Ziad Mekanna, the Honorable Samir Hammoud, the Honorable Ziad Abou Haidar, and Mr. Pascal Antoun, Esq., Advisor to the Minister of Justice of the Republic of Lebanon (the "Lebanese Government Defendants"), by and through undersigned counsel, respond to Plaintiff's Motion to Strike [ECF No. 102] (the "Motion to Strike"), and state:

**MEMORANDUM OF LAW**

Plaintiff continues her pattern of meritless filings with her most recent, the Motion to Strike, which mischaracterizes the Motion for Status Conference somehow as a sur-reply and

misstates the binding standards for assessing the Court's jurisdiction.  The Motion for Status Conference was filed in good faith to raise important threshold matters – including subject matter and personal jurisdiction – that the Court must consider *before* proceeding with the evidentiary hearing or any other matter in this case.[1]  As such, the Court should grant the Lebanese Government Defendants' request for a prompt status conference so that the Court and parties can determine an efficient and orderly schedule to address these threshold issues before conducting any other proceedings in this case.

**I.      The Court May Not Proceed Because it Lacks Subject Matter and Personal Jurisdiction**

Before addressing Plaintiff's contentions concerning the Motion for Status Conference's technical compliance with the Local Rules, it is important to address Plaintiff's assertions regarding the Court's jurisdiction near the end of her Motion to Strike.

Plaintiff wrongly contends that subject matter and personal jurisdiction – among the other threshold issues raised by the Lebanese Government Defendants – are merely "defenses" to be decided "at a later juncture" by the Court.  See Motion to Strike at p. 5.  This misses the point entirely.  "Jurisdiction is [the] power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." University of South Alabama v. American Tobacco, 168 F. 3d 405, 409-10 (11th Cir. 1999) ("Without jurisdiction the court cannot proceed at all in any cause.").

If the Court determines *at any time* that it lacks subject matter jurisdiction – as it surely does in this case based on binding precedent of this District Court – the Court may not proceed and *must* dismiss the case.  See Clausnitzer v. Federal Exp. Corp., 621 F. Supp. 2d 1266, 1270

---

[1]     The Court set the evidentiary hearing on July 25, 2019, one day after Plaintiff filed her Reply and more than a week after the Lebanese Government Defendants filed their Response in Opposition to the Motion for Relief.

(S.D. Fla. 2008); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). That said, the Court must address such threshold matters "***at the earliest possible stage*** in the proceedings." University of South Alabama, 168 F. 3d 405, 409-10 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.") (emphasis added).

The jurisdictional questions raised in summary form in the Motion for Status Conference – including Plaintiff's faulty attempt to assert subject matter jurisdiction on the basis of diversity of the parties where, as here, there are aliens on both sides of the controversy – are dispositive and compel dismissal of the case now. See, e.g., Magdalena v. Toyota Motor Corp., No. 12-20661-CIV, 2013 WL 12092086, at *7 (S.D. Fla. July 10, 2013) ("Permanent residency status has no bearing on diversity jurisdiction in alien-vs.-alien actions. Because both Plaintiffs are aliens and Defendant TMC is an alien, and because there are no U.S. Plaintiffs in the case, diversity jurisdiction does not exist."). Aside from diversity jurisdiction, Plaintiff raises no other basis for subject matter jurisdiction.

Similarly, the lack of personal jurisdiction over the Lebanese Government Defendants compels dismissal of the case against them. As with subject matter jurisdiction, personal jurisdiction is a threshold matter which must be addressed first before taking any further steps in the case. See Rexam Airspray, Inc. v. Arminak, 471 F. Supp. 2d 1292, 1297 (S.D. Fla. 2007) ("As a threshold matter, this Court must first determine whether it has personal jurisdiction over the Defendants. Therefore, even where a preliminary injunction has been requested, 'the court must first address the jurisdictional dispute.'"). The Amended Complaint – despite its boilerplate and

false allegation that the Lebanese Government Defendants do business in Florida – falls far short of alleging "sufficient minimum contacts" to comply with the Constitution's due process requirement, much less a showing sufficient under Florida's Long-Arm Statute. See, e.g., Gregory v. EBF & Associates, LP, 595 F. Supp. 2d. 1334 (S.D. Fla. 2009) (Martinez, J.).

## II. The Motion for Status Conference was Filed in Good Faith and Should be Granted

The Lebanese Government Defendants' Motion for Status Conference was filed in good faith to raise issues that the Court must consider – including the threshold issues of subject matter and personal jurisdiction – prior to proceeding with an evidentiary hearing or taking any other steps in this case. Indeed, by reference to Rule 7.1, it is clear that the Motion for Status Conference is a conventional motion, seeking specific relief (a status conference) and providing support for that request (authorities concerning the threshold matters the Court must consider before engaging in any further action in this case).[2]

Tellingly, not one of the cases cited by Plaintiff in support of her Motion to Strike is even remotely relevant to the relief she is requesting because none of them involved a request to strike *a motion*. In Hernandez and Girard, the parties filed notices of supplemental authorities with additional legal arguments. See Girard v. Aztec RV Resort, Inc., 10-CV-62298, 2011 WL 4345443, at *1-2 (S.D. Fla. Sept. 16, 2011); Hernandez v. J.P. Morgan Chase Bank, N.A., 14-CV-24254, 2016 WL 10517911, at *1 (S.D. Fla. May 13, 2016). Similarly, the excerpted portion of Axos Clearing cited by Plaintiff refers to the plaintiff in that case having filed a "Case

---

[2] Contrary to Plaintiff's assertions, the Lebanese Government Defendants did not respond in their Motion for Status Conference to the new evidence – in the form of three affidavits and documents – inappropriately presented for the first time in her Reply in Support of the Motion for Relief. [ECF No. 98] (the "Reply"). Instead, the Lebanese Government Defendants expressly reserved the right to move to strike the Reply and/or to seek leave to file a sur-reply. See Motion for Status Conference at p. 2, n.2.

- 4 -

Management Conference Statement" and not a motion.³ See Motion to Strike at p. 4 (citing Axos Clearing, LLC v. Reynolds, 19-CV-20979 (RAR) (S.D. Fla. June 12, 2019)).

The matters raised in the Motion for Status Conference are significant and, as set forth above, must be addressed as soon as possible because they bear directly on the Court's power to act in this case. The Lebanese Government Defendants already have had to bear the significant burden of defending against this frivolous case half a world away from where they live and where all of the allegations in the Complaint supposedly took place. Prior to taking further steps that would substantially increase this burden, the Court should give the parties the opportunity to brief and argue the threshold matters raised in the Motion for Status Conference, which compel dismissal of the case. Resolving these threshold issues now would also be most efficient for the Court.

## CONCLUSION

The Lebanese Government Defendants respectfully request that the Court deny the Motion to Strike, and grant any such other and further relief that the Court deems just and proper.

August 8, 2019                    Respectfully submitted,

**DLA PIPER LLP (US)**

 */s/ Harout J. Samra*
Harout J. Samra
Florida Bar No. 70523
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel.: (305) 423-8500
Fax: (305) 437-8131
harout.samra@dlapiper.com

---

³ The June 12, 2019 decision in Axos Clearing cited by Plaintiff does not appear to be reported. Plaintiff's counsel are counsel of record for the defendant in that case. See Axos Clearing, LLC v. Reynolds, No. 1:19-CV-20979-KMM, 2019 WL 2082551, at *1 (S.D. Fla. May 9, 2019) (a separate order issued in case identifying Lorne E. Berkeley and Alexander Lynch Wildman as counsel for Defendants).

- 5 -

Jessica A. Masella
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4829
Jessica.masella@dlapiper.com
(*Pro Hac Vice* to be filed)

*Counsel for the*
*Lebanese Government Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I further certify that the foregoing is being served this day upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　 */s/ Harout J.  Samra*
　　　　　　　　　　　　　　　　　　　　Harout J.  Samra, Esq.

## SERVICE LIST

**DANIELS, RODRIGUEZ, BERKELEY DANIELS & CRUZ, P.A.**
Lorne E.  Berkeley, Esq.
lberkeley@drbdc-law.com
vmunoz@drbdc-law.com
Gregory L.  Bianco, Esq.
gbianco@drbdc-law.com
4000 Ponce de Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Tel: (305) 448-7988
Fax: (305) 448-7978

*Counsel for Plaintiff*
*Lara George Mansour*

**COVINGTON & BURLING LLP**
Andrew E.  Siegel
asiegel@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: +1 202 662 6000

*Counsel for Plaintiff*
*Lara George Mansour*

*(Admitted Pro Hac Vice)*