**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| LARA GEORGE MANSOUR, a/k/a LARA SAMAHA,<br><br>                Plaintiff,<br><br>        v.<br><br>MONA BACH MANSOUR, individually; ALEXANDER GEORGE MANSOUR, individually; ROLLY GEORGE MANSOUR, individually; DANY GEORGE MACARON, individually; SALIM JRESSATI, individually; SAMIR HAMMOUD, individually; ZIAD MEKANNA, individually; ZIAD ABOU HAIDAR, individually; and PASCAL ANTOUN, individually;<br><br>                Defendants. | **Case No.: 1:17-CV-24206-JEM** |

**LEBANESE GOVERNMENT DEFENDANTS'**
**REPLY IN SUPPORT OF MOTION FOR STATUS CONFERENCE**

In her Response to the Motion for Status Conference (ECF No. 107), Plaintiff seeks not only to prolong the waste of resources that her meritless claim has imposed on the Lebanese Government Defendants and this Court, but goes further, proposing a wholesale revision of core principles of federal jurisdiction to suit her needs.

As set forth in the Lebanese Government Defendants' Motion for Status Conference [ECF No. 101] and Response in Opposition to Motion to Strike [ECF No. 103], the Court must consider numerous issues before advancing to the evidentiary hearing that it has scheduled for August 28,

any one of which, standing alone, would prevent the Court from proceeding to hold that hearing.[1] These issues include (i) that the Court does not have subject matter jurisdiction over the controversy, (ii) that the Court does not have personal jurisdiction over the Lebanese Government Defendants, and (iii) that sovereign immunity impedes the Court's exercise of subject matter jurisdiction in this case.  In addition to these absolute bars to the Court's proceeding here, there are additional issues that should also be resolved in advance of any evidentiary hearing, including (i) whether Plaintiff's Reply in Support of the Motion for Relief [ECF No. 98] should be struck and the belatedly filed evidence attached to it for the first time disregarded, and (ii) in the alternative, whether the Lebanese Government Defendants should have the opportunity to file a sur-reply to respond to this belatedly and wrongfully filed evidence.

The Lebanese Government Defendants have addressed each of these issues in their papers and will not repeat those arguments here.  Rather, this Reply concentrates on the specious arguments asserted in Plaintiff's Response to the Motion for Status Conference concerning this Court's subject matter jurisdiction.

It is axiomatic that "a federal court is **powerless** to act beyond its statutory grant of subject matter jurisdiction." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("Subject matter jurisdiction exists only where granted by statute.").  Accordingly, "a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction **at any point in the litigation** where a doubt about jurisdiction arises." Id. (emphasis added).

---

[1] The Court set the evidentiary hearing on July 25, 2019, one day after Plaintiff filed her Reply.  As set forth in the Lebanese Government Defendants' Motion for Status Conference [ECF No. 101], undersigned counsel for the Lebanese Government Defendants, Harout J. Samra, respectfully advises the Court that he is scheduled to travel outside the United States for previously scheduled personal and professional engagements from August 22 to September 15, and may be compelled to seek a continuance of the August 28 evidentiary hearing as alternative relief.

In this case, Plaintiff attempts to plead subject matter jurisdiction premised on the federal diversity statute, which requires that the parties be of "diverse" citizenship, meaning that the parties on adverse sides of the case hail from different states.  See 28 U.S. Code § 1332.  However, as explained in the Lebanese Government Defendants' Motion for Status Conference, diversity simply does not exist in this case because both the Plaintiff and the Lebanese Government Defendants are citizens of Lebanon.  Plaintiff's attempt to plead diversity jurisdiction based on her "residency" elsewhere does not suffice.[2]  See, e.g., Magdalena v. Toyota Motor Corp., No. 12-20661-CIV, 2013 WL 12092086, at *7 (S.D. Fla. July 10, 2013) ("Plaintiffs' alleged permanent residency is of no consequence in the determination of diversity jurisdiction in this case. … Permanent residency status has no bearing on diversity jurisdiction in alien-vs.-alien actions.  Because both Plaintiffs are aliens and Defendant TMC is an alien, and because there are no U.S. Plaintiffs in the case, diversity jurisdiction does not exist.  And accordingly, the Court finds that any further discovery on Plaintiffs' residency status would be unavailing.").

From this threshold requirement – without which the Court cannot proceed – Plaintiff attempts to carve out an exception for motions for relief from a judgment under Fed. R. Civ. P. 60(b), ignoring the Eleventh Circuit's admonition that subject matter jurisdiction should be assessed "at any point" in a litigation.[3]  Id.  However, the Eleventh Circuit specifically has held that a court must have subject matter jurisdiction even "to consider" a Rule 60 motion.  See, e.g., U.S. v. Bueno-Sierra, 723 F. App'x 850, 855 (11th Cir. 2018) ("[T]he district court lacked subject

---

[2]  See Motion for Status Conference [ECF No. 101], at pp. 4-5.

[3]  Plaintiff's related contentions that subject matter jurisdiction may be waived and must be raised in a motion to dismiss or affirmative defenses similarly are flatly wrong.  See, e.g., Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000–01 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties.").

matter jurisdiction to consider either of Bueno-Sierra's Rule 60 motions."); Williams v. Chatman, 510 F. 3d 1290, 1294 (11th Cir. 2007) ("Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion … it also lacks jurisdiction to grant a COA.")

Proceeding without first addressing subject matter jurisdiction here – which is clearly lacking based on Plaintiff's own Complaint – defies logic and would also result in the Court and parties wasting additional time and resources. For the same reasons, the Court should also first address the lack of personal jurisdiction and the question of sovereign immunity. Indeed, "if this Court is without proper jurisdiction," further proceedings would not only be illogical, they would be "pointless." See, e.g., Valanga v. Metro. Life Ins. Co., 259 F. Supp. 324, 326 (E.D. Pa. 1966).

## CONCLUSION

The Lebanese Government Defendants respectfully request that the Court grant their Motion for Status Conference, and grant any such other and further relief that the Court deems just and proper.

August 21, 2019                                     Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Harout J. Samra*
Harout J. Samra
Florida Bar No. 70523
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel.: (305) 423-8500
Fax: (305) 437-8131
harout.samra@dlapiper.com

Jessica A. Masella
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4829
Jessica.masella@dlapiper.com
(*Pro Hac Vice* to be filed)

*Counsel for the Lebanese Government Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I further certify that the foregoing is being served this day upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 */s/ Harout J.  Samra*
Harout J.  Samra, Esq.

## SERVICE LIST

**DANIELS, RODRIGUEZ, BERKELEY DANIELS & CRUZ, P.A.**
Lorne E.  Berkeley, Esq.
lberkeley@drbdc-law.com
vmunoz@drbdc-law.com
Gregory L.  Bianco, Esq.
gbianco@drbdc-law.com
4000 Ponce de Leon Boulevard, Suite 800
Coral Gables, Florida 33146
Tel: (305) 448-7988
Fax: (305) 448-7978

*Counsel for Plaintiff*
*Lara George Mansour*

**COVINGTON & BURLING LLP**
Andrew E.  Siegel
asiegel@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: +1 202 662 6000

*Counsel for Plaintiff*
*Lara George Mansour*

*(Admitted Pro Hac Vice)*