UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-24206-CIV-MARTINEZ-OTAZO-REYES

LARA GEORGE MANSOUR a/k/a LARA
SAMAHA,
    Plaintiff,

vs.

MONA BACH MANSOUR, et al.,
    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff's Motion for Relief from Judgment or Order pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Motion for Relief"), [ECF No. 83]. This matter was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636. [ECF No. 132]. After conducting an evidentiary hearing on October 8, 2019, Magistrate Judge Otazo-Reyes issued an R&R, recommending that Plaintiff's Motion for Relief be granted.

The Court, having conducted a *de novo* review of the record and the issues presented in Defendants' objections, agrees with Magistrate Judge Otazo-Reyes's conclusion that Plaintiff is entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60. The Court will address Defendants' objections herein.

    **I.**    **Procedural Background**

Given the unique circumstances of the instant action, a brief procedural summary is necessary. Plaintiff filed her Complaint on November 17, 2017, alleging she was defrauded of her interests in the estates of her deceased father and aunt. On October 17, 2018, Plaintiff filed an Amended Complaint adding additional Defendants. On April 5, 2019, after a Clerk's Entry of Default Judgment was entered against certain named Defendants, Plaintiff filed a Notice of

Voluntary Dismissal with Prejudice, [ECF No. 81]. The Court entered a Final Order of Dismissal with Prejudice that same day [ECF No. 82].

On June 3, 2019, Plaintiff filed the instant Motion for Relief from Judgment, asking this Court to vacate the Order of Dismissal and alleging that her filing of the Notice of Voluntary Dismissal was the result of circumstances created by the Defendants that were grounds for relief under Federal Rules of Civil Procedure Rule 60(b)(3) or Rule 60(b)(6). [ECF No. 83]. Specifically, Plaintiff alleged that she was kidnapped and tortured after travelling to Lebanon under false pretenses. Plaintiff alleged she and her husband—who is not a party to this action or the Lebanese litigation—were not released from imprisonment until she promised to dismiss the underlying action and provided the Defendants with proof of such. Hence, the Notice of Voluntary Dismissal.

Magistrate Judge Otazo-Reyes held an evidentiary hearing and found by clear and convincing evidence that, based on the credible testimony of Plaintiff and her husband, along with an affidavit provided by Plaintiff's initial counsel, the filing of the Notice of Voluntary Dismissal was the product of duress and coercion. [ECF No. 132 at 15–16].

Judge Otazo-Reyes's findings of fact, as outlined at length in her Report and Recommendation, illustrate that Plaintiff and her husband were subject to kidnapping, harsh interrogation, and cruel torture-like tactics by the Defendants or people acting on behalf of the Defendants. [ECF No. 132 at 3–10]. The evidence suggests that these events were executed by the Defendants against the Plaintiff and her husband with the sole intention of forcing Plaintiff to dismiss the Amended Complaint that was filed before this Court.

**II.     Legal Standard**

Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679 (11th Cir. 1984). It provides in pertinent part:

> On motion or just terms, the court may relieve a party or its legal representative

>from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;…or (6) any other reasons that justifies relief.

Fed. R. Civ. P. 60(b).

The Rule has "vested the district courts with the power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Griffin*, 722 F.2d at 680 (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949). "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Id.* (quotation and citation omitted) (emphasis in original).

Rule 60(b)(3) applies to judgments that were "unfairly obtained, not those which are factually incorrect." *Cordell v. Pac. Indem. Co.*, 380 F. App'x 942, 943 (11th Cir. 2010). To prevail, "the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Id*. Additionally, the movant must show that the opposing party's "conduct prevented [the movant] from fully and fairly presenting his case or defense." *Id*.

Rule 60(b)(6) is "the catchall provision of Rule 60(b)." *Jeffus v. Ray*, 377 F. App'x 963, 965 (11th Cir. 2010). Accordingly, to "qualify for relief under this catchall provision, the moving party must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Id*.

In sum, Rule 60(b) "should be construed in order to do substantial justice." *Griffin*, 722 F.2d at 680.

### III. Defendants' Objections

The thrust of Defendants' Objections is that this Court—and the Magistrate Judge before it—cannot decide—and could not have decided—the merits of Plaintiff's Motion for Relief from Judgment, because the Court lacks subject matter jurisdiction.

The Court agrees with Defendants that a district court has no authority to make substantive

3

rulings "without first determining whether it had subject matter jurisdiction to hear the case." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 409 (11th Cir. 1999). Defendants' reliance on *University of South Alabama*, however, is misguided due to the unique procedural postures of both this case and the facts at issue before the Eleventh Circuit.

As an initial matter, the *University of South Alabama* decision was made in the context of removal jurisdiction, and "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* at 411. Notwithstanding this slight but relevant distinction, the facts of the case are inapposite to the facts before this Court. In *University of South Alabama*, the University commenced an action in Alabama state court. *Id.* at 408. The defendants removed the proceedings to federal district court on the basis of diversity jurisdiction. *Id*. Almost immediately thereafter, the Attorney General of Alabama filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), arguing that he was the proper plaintiff because the University was a state agency and instrumentality. *Id.* The University—on its own behalf—thereafter filed a Motion to Remand for lack of subject matter jurisdiction. *Id*. After conducting a hearing on the matter, and without analyzing the question of subject matter jurisdiction, the district court issued a lengthy final order finding that the Attorney General had authority under Alabama law to file the Notice of Dismissal. *Id*.

This—the Eleventh Circuit held—was improper. The Eleventh Circuit determined that the district court "improvidently reached a complex question of substantive state law—whether the Attorney General had the power to manage and control complex litigation commenced by the University." *Id.*[1]

---

[1] As an aside, by following Defendants' logic to its conclusion in likening the facts presented in *University of South Alabama* to the facts here, the Court arguably would have had no jurisdiction to issue the Final Order of Dismissal with prejudice—which would serve as a merits decision. Indeed, the Eleventh Circuit vacated the district court's order on the Notice of Voluntary Dismissal. *Id*. at 408. This is plainly incorrect, as voluntary dismissal "normally may precede any analysis of subject matter jurisdiction because it…obviate[es] the need for the district court to exercise its jurisdiction." *Id*.

Here, the Court does not purport or attempt to address substantive legal questions or any of the merits of the underlying cause of action. Rather, the Court simply addresses the validity of the Rule 60 claim raised by the Plaintiff, which has to do with determining the voluntariness of her "voluntary" dismissal. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 431 (2007) (noting that "jurisdiction is vital only if the court proposes to issue a judgment on the merits") (internal quotation and citation omitted).

This particular situation is more congruent to that which the Eleventh Circuit encountered in *Jackson v. People's Republic of China*, 794 F.2d 1490, 1491 (11th Cir. 1986). Pursuant to Rule 60(b)(6), the district court set aside a default judgment previously entered against the defendant. As the Eleventh Circuit held:

> This [is] an appropriate approach. The district court [has] jurisdiction to examine its jurisdiction. As an incident of that examination, it [is] free to inquire whether the judgment previously entered was to be vacated so that it [can] examine the jurisdictional issue free of any inferences that might flow from the existence of the judgment.

*Id*. Here, as in that case, the Court is "not passing on the ultimate issue of subject matter jurisdiction." *Id.* at 1496 n.3. Rather, the jurisdictional issue will be properly addressed in the context of proper adversarial proceedings. *Id.*

Finally, as Defendants contend, even if Plaintiff had not voluntarily dismissed her lawsuit, the Court would be required to dismiss the Amended Complaint *sua sponte* for lack of subject matter jurisdiction should it be lacking. Of course, however, Defendants overlook that such dismissal would be without prejudice rather than with prejudice as procured by Defendants' misconduct. *See Stalley ex rel. United States v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). This only further bolsters this Court's decision that justice and equity require Plaintiff's Motion for Relief from Judgment be granted.

### IV. <u>Conclusion</u>

In sum, the Court is hard-pressed to imagine more "extraordinary" circumstances than those presented in this case. Plaintiff's Notice of Voluntary Dismissal was the direct result—and the ultimate goal—of Defendants' kidnapping and incarceration of Plaintiff and her husband in Lebanon. All under the false pretense of a purported settlement agreement. Accordingly, relief under either Rule 60(b)(3) for fraud or misconduct, or under Rule 60(b)(6) is warranted.[2]

The Court is aware of its duty to "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It is equally aware that it cannot consider the merits of a claim until subject matter jurisdiction is established. *Id*. Nonetheless, the question of whether Plaintiff is entitled to relief from her rather involuntary Notice of Voluntary Dismissal is a question separate and apart from the merits of the underlying cause of action. Accordingly, the Court is not foreclosed from considering whether Defendants' conduct in procuring the voluntary dismissal falls within the purview of Rule 60(b). "The interests of justice require that these jurisdictional questions be determined in the context of adversarial proceedings." *Jackson*, 794 F.2d at 1496 n.3.

In light of this duty to inquire into its subject matter jurisdiction, however, the Court will require Plaintiff to expeditiously address Defendants' arguments regarding subject matter jurisdiction.

After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 132], is **AFFIRMED** and **ADOPTED**. Accordingly, it is hereby:

---

[2] And though Rule 60(b)'s "clause (6) and clauses (1) through (5) are mutually exclusive," the Court finds that should there be reason to doubt that Defendants' misconduct does not amount to fraud or duress—a contention with which this Court disagrees—the Court, in its discretion, also finds that the circumstances presented here amount to the type of "extraordinary" circumstances that warrant relief under Rule 60(b)(6)'s catchall provision. *See Jackson v. People's Rep. of China*, 794 F.2d 1490, 1496–97 (11th Cir. 1986); *United States v. Real Property & Residence*, 920 F.2d 788, 791 (11th Cir. 1991)

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Rule 60(b) Motion for Relief from Judgment or Order, [ECF No. 83], is **GRANTED.**

2. Defendants' Objections to Magistrate Judge Otazo-Reyes's R&R, [ECF No. 134], are **OVERRULED.**

3. The Court's Final Order of Dismissal with Prejudice and Order Denying All Pending Motions as Moot, [ECF No. 82], is **VACATED**. This Clerk is **DIRECTED** to **RE-OPEN** the case.

4. Plaintiff **SHALL** file a Memorandum of Law, not to exceed fifteen (15) pages, regarding whether this Court has subject matter jurisdiction over the action. The Memorandum shall specifically address Plaintiff's citizenship and issues of sovereign immunity. The Memorandum shall be filed **on or before June 10, 2020**. Defendants may file a reply Memorandum, not to exceed fifteen (15) pages, **on or before June 24, 2020.**

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of May 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record