UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _P G_ D.C.

DEC 0 1 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

LARA SAMAHA AND ELIE SAMAHA,

Plaintiffs,

v.

GEBRAN BASSIL,
SALIM JREISSATI,
DANY MACARON,
ZIAD MEKANNA,
PETER GERMANOS,
MAJED BOUEZ,
AHMAD SASSINE,
MONA BACH MANSOUR,
ALEXANDER GEORGE MANSOUR, and
ROLLY GEORGE MANSOUR,

Defendants.

Case No.17-24206-CIV—MARTINEZ-OTAZO-REYES

## RESPONSE TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT

As required by the Court in its October 8th, 2020 Order, I, Hon. Salim Jressati, hereby provide this response to the Supplemental Complaint to the Court and the other parties in this case:

Through the filing of this response, I do not concede that service of process was effected properly on me in this case. I further reserve all defenses available to me and move to dismiss the Supplemental Complaint based on, but not limited to, sovereign immunity, lack of subject matter and personal jurisdiction, and improper service of process.

I refer to and rely on the extensive briefings regarding subject matter jurisdiction, personal jurisdiction, and sovereign immunity previously filed in this case on my behalf, including but not limited to:

- The "Lebanese Government Defendants' Response in Opposition to Plaintiff's Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60" dated July 17, 2019 (arguments regarding personal jurisdiction, sovereign immunity, and international comity).

- The "Motion for Status Conference" dated August 5, 2019 (Document Number 101) (arguments regarding personal jurisdiction, subject matter jurisdiction, immunity, and international comity), and the "Reply in Support of the Motion for Status Conference" dated August 21, 2019.

- The "Lebanese Government Defendants' Objections to Report and Recommendation" dated January 22, 2020 (Document Number 134) (arguments regarding subject matter jurisdiction).

Additionally, because of the sovereign immunity defenses I have claimed in this case, a default should not be ordered without taking additional steps. A default in these cases must be treated differently from an ordinary default. Compania Interamericana v. Compania Dominicana, 88 F. 3d 948, 951 (11th Cir. 1996).

For most of the time period involved in the Plaintiff's first complaint, I served as Minister of Justice of the Republic of Lebanon. As such, it is important for me to clarify that, in compliance with the Lebanese law, despite Plaintiff's allegations, the Minister of Justice does not interfere in the exercise of the judicial function, and does not have any control over magistrates in the exercise of their functions by virtue of the principles of the separation of powers and the independence of the judiciary. On 31 January 2019 I was named State Minister for Presidential Affairs, and as such I had not any business or relation or connections whatsoever with the Ministry of Justice. **As a result, for the time period involved in the new allegations in Plaintiff's Supplemental Complaint, i.e., April 2019, I was not the Minister of Justice in office.**

## **CONCLUSION**

For these reasons, I respectfully request that the Court reject the Supplemental Complaint brought against me and thus remove me from this case. I also respectfully request that the Court stay the case so that all the new defendants, who are necessary to addressing Plaintiff's allegations in the Supplemental Complaint, can be duly served as it is not fair to proceed before that.

November 5, 2020                                           Respectfully submitted,

                                                           _____
                                                           Hon. Salim Jressati
                                                           Jurisfirma
                                                           IMM. "The Consulates" 75
                                                           Rue Mar Takla
                                                           Hazmieh, Lebanon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2020, I filed the foregoing document with the Clerk of Court by mail. I further certify that the foregoing is being served this day upon all counsel of record and unrepresented parties via email and/or mail to the addresses listed in the attached Service List.

_____
Hon. Salim Jressati

## SERVICE LIST

| | |
|---|---|
| **THE CASTANEDA LAW FIRM PLLC**<br>Rebecca L. Castaneda<br>Florida Bar No. 1007926<br>506 N. Armenia Avenue<br>Tampa, FL 33609-1703<br>Tel: (813) 694-7780<br>rc@attorneyrebeccacastaneda.com<br><br>*Counsel for the Plaintiffs* | **COVINGTON & BURLING LLP**<br>Andrew E. Siegel<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, D.C. 20001<br>Tel: (202) 662-6000<br>asiegel@cov.com<br><br>*Counsel for the Plaintiffs* |
| Hon. GEBRAN BASSIL | Hon. PETER GERMANOS, |
| Hon. Ziad Mekanna<br>Courthouse<br>Second Floor<br>Baabda, Lebanon | Hon. DANY MACARON, |
| Hon. MAJED BOUEZ, | Hon. AHMAD SASSINE |
| Hon. MONA BACH MANSOUR | Hon. ALEXANDER GEORGE MANSOUR |
| Hon. ROLLY GEORGE MANSOUR | |



EXPRESS WORLDWIDE DOX DHL

From: SALIM JREISSATI
SALIM JREISSATI
HAZMIEH MAR TAKLA
BLD OF FRENCH CONSULTATE
-5 FLR
N/A BEIRUT N/A
LEBANON

Origin: BEY

To: U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WILKIE D. FERGUSON,
JR. U.S. COURTHOUSE, CLERK OF COURTS
400 NORTH MIAMI AVENUE
33128 MIAMI Florida
UNITED STATES OF AMERICA

A105 US-TMB-FLL

Ref: N/A   0.5 kg   1/1

Contents: DPCUMENTATION

WAYBILL 58 1744 3752