UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-24206-CIV-MARTINEZ-OTAZO-REYES

LARA SAMAHA and ELIE SAMAHA,

        Plaintiffs,

v.

GEBRAN BASSIL,
SALIM JREISSATI,
DANY MACARON,
ZIAD MEKANNA,
PETER GERMANOS,
MAJED BOUEZ,
AHMAD SASSINE,
MONA BACH MANSOUR,
ALEXANDER GEORGE MANSOUR, and
ROLLY GEORGE MANSOUR,

        Defendants.

**PLAINTIFFS' APPLICATION FOR THE ISSUANCE OF REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)**

Plaintiffs Lara Samaha and Elie Samaha respectfully petition this Court pursuant to Federal Rules of Civil Procedure 4(h) and 4(f)(2)(B) for the issuance of Requests for International Judicial Assistance (Letters Rogatory) to the courts of Lebanon, in order to effect service of process upon Defendants Gebran Bassil and Salim Jressati.

1

Plaintiffs have attached to this application as <u>Exhibits 1-2</u> a Request for International Judicial Assistance for each of these Defendants. Plaintiffs respectfully request that the Court sign and affix its seal to each of these letters and return the letters with original signatures and seals to Plaintiffs' counsel for forwarding, along with the papers to be served and requisite certified translations, to the United States Department of State at the following address:

>Office of American Citizen Services
>CA/OCS/ACS
>U.S. Department of State
>SA-29 4th Floor
>2201 C Street, NW
>Washington, DC 20520-0001

The U.S. Department of State will oversee transmission of the Requests for International Judicial Assistance to Lebanon through diplomatic channels as provided in 28 U.S.C. § 1781(a)(2), as well as their presentation to the requested courts in Lebanon.

Plaintiffs have included in the proposed Requests an expression by this Court of its willingness to reimburse the courts of Lebanon for costs incurred in executing these Requests, in accordance with the stated requirements of the U.S. Department of State. <u>See</u> http://travel.state.gov/content/travel/english/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html; <u>see also</u> <u>Fujitsu Ltd. v. Nanya Tech. Corp.</u>, 4:06-cv-06613-CW, Dkt. No. 41 (N.D. Cal. Dec. 27, 2006) (signed Request for International Judicial Assistance for service of process in Taiwan). Plaintiffs stand ready to reimburse this Court, the U.S. Department of State, or the courts of Lebanon for any expenses incurred in

connection with the execution of these Requests for International Judicial Assistance. Plaintiffs will also deposit with the Department of State two certified checks payable to the U.S. Embassy Lebanon, one check for each Request and each check in the amount of $2,275, in accordance with the schedule of fees at 22 C.F.R § 22.1.

## BACKGROUND

### I.    Defendants' Scheme

This action was commenced with the filing of a Complaint on November 17, 2017, as supplemented and amended on October 12, 2020. As alleged in the Supplemental Complaint, the Defendants participated in a scheme to kidnap and torture Plaintiffs. The Supplemental Complaint alleges that each of the Defendants played a key role in the scheme.

### II.   Location of Defendants

Gebran Bassil and Salim Jressati are residents in Lebanon. Lebanon is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").

## DISCUSSION

Service upon foreign defendants may be issued through a variety of means and "Rule 4(f) does not create a hierarchy of preferred means of service[.]" Gramercy Ins. Co. v. Kavanagh, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). A letter rogatory is a "document issued by one court to a foreign

court[.]" Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 775 (S.D.N.Y 2012) (quoting Black's Law Dictionary 778 (9th ed. 2009)) (internal quotation marks omitted).  Such requests from one court to another are "usually granted, by reason of the comity existing between nations in ordinary peaceful times." Int'l Soc'y for Krishna Consciousness, Inc. v. Lee, 105 F.R.D. 435, 438 n.3 (S.D.N.Y. 1984) (quoting The Signe, 37 F. Supp. 819, 820 (E.D. La. 1941)).  "Both private parties, including corporations and natural persons, and governmental entities — whether in U.S. or foreign litigation — may seek the issuance of letters rogatory 'for use in both underlying civil lawsuits and underlying criminal prosecutions.'"  Lantheus, 841 F. Supp. 2d at 776.  The power of the federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's inherent authority.  See, e.g., United States v. Reagan, 453 F.2d 165, 171-73 (6th Cir. 1971). Title 28, United States Code, Section 1781 states, in relevant part:

> (a) The Department of State has power, directly, or through suitable channels . . .
>
> > (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.

28 U.S.C. § 1781.

Service may be effected by letters rogatory when there is no internationally agreed means of service.  Fed. R. Civ. P. 4(f)(2)(B).  As noted above, Lebanon is not a member of the Hague Service Convention and Plaintiffs are not aware of any other internationally agreed means of service that exists.

Issuance of letters rogatory will increase the likelihood that a judgment of this Court will be enforceable by courts in Lebanon and elsewhere against assets held there.  See Edward Burton, Service of Process Abroad, Am. Bar Ass'n, Gen. Prac., Solo & Small Firm Div. Mag. (Oct. 1999) ("The great advantage of the letters rogatory procedure lies in the enforceability of the American judgment in the country where service of process was issued."); Government's Memorandum of Law in Support of Its Motion for Permission to Effect Service Through Alternative Means and Issuance of Letters Rogatory, United States v. Lebanese Canadian Bank SAL, No. 11 Civ. 9186 (PAE) (S.D.N.Y. May 4, 2012) ("The Government requests the issuance of letters rogatory not as an alternative to authorization to effect service by service on U.S. counsel, but in addition to that method of service in order to maximize the likelihood that a judgment in this matter will be enforceable in the relevant foreign jurisdictions.").

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that this Court:

(1) grant Plaintiffs' Application for Issuance of Requests for International Judicial Assistance (Letters Rogatory) and execute the Letters Rogatory, submitted herewith as Exhibits 1-2, and return such letters to Plaintiffs' counsel to perfect service on the Defendants in the Republic of Lebanon; and

(2) issue certified copies of all documents to be served on each Defendant, specifically, (i) the Supplemental Complaint [Dkt. No. 149] and (ii) the Summonses [Dkt. Nos. 21, 159].

| | | |
|---|---|---|
| Dated: | January 25, 2021 | Respectfully submitted, |

                                                     /s/ *Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
The Castaneda Law Firm PLLC
506 N. Armenia Avenue
Tampa, FL 33609-1703
Tel: (813) 694-7780
rc@attorneyrebeccacastaneda.com

Andrew E. Siegel
District of Colombia Bar No. 1029365
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-6000
asiegel@cov.com
*Attorneys for Plaintiffs*